IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CAMERON SANDERS,

                Plaintiff,

v.                                            Case No.   2:19-cv-00880

JIM GABEHART,
Lincoln County Prosecutor,

                Defendant.

## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).   (ECF No. 3).   Before this Court are a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) filed by Plaintiff Cameron Sanders ("Plaintiff").   For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim on which relief may be granted and that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED**.

### I.    BACKGROUND

Plaintiff brings this action against Defendant, Jim Gabehart ("Defendant") the Lincoln County Prosecuting Attorney.   (ECF No. 2 at 4).   He alleges that Defendant

"discriminated against" him by refusing to modify his "binding plea" after a probation violation to give him a "second chance" and a "60-day shocker," even though Defendants did so for other individuals who had signed binding pleas and violated their probation. (*Id.* at 4–6). Plaintiff seeks a "second chance" and compensation for his time spent in incarceration on his probation revocation. (*Id.* at 5).

## II.    LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). A similar standard applies to cases filed by prisoners against government officials under 28 U.S.C. § 1915A. Both circumstances apply here.

Under these standards, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the

complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

## III.    ANALYSIS

Defendant is entitled to absolute prosecutorial immunity with respect to Plaintiff's claims against him. Absolute prosecutorial immunity "extends . . . to [prosecutorial] actions 'intimately associated with the judicial phase of the criminal process.'" *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Whether the defendant's alleged conduct falls within the scope of that immunity depends on "the nature of the function performed, without regard to the identity of the actor who performed it, the harm that the conduct may have caused, or even the question whether it was lawful." *Id.* at 118 (internal quotation marks omitted). When the defendant "act[s] as 'an officer of the court'" or as an advocate, he is entitled to

3

absolute prosecutorial immunity, but it does not extend to his performance of "investigative or administrative tasks."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Nero*, 890 F.3d at 118.   In making this determination, this Court "look[s] at the specific act challenged."  *Nero*, 890 F.3d at 120.   Here, Plaintiff challenges Defendant's refusal to modify his plea agreement, a capacity in which Defendant clearly acted "in service of his role as an advocate on behalf of the state."  *Conley v. Ryan*, 92 F. Supp. 3d 502, 521–22 (S.D.W. Va. 2015).   As such, the undersigned **FINDS** that absolute prosecutorial immunity bars Plaintiff's claims.

## IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)   and 1915A for failure to state a claim on which relief may be granted, and that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED,** with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

October 29, 2020

Dwane L. Tinsley
United States Magistrate Judge